**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JACK W. UHRIG,** | ) | |
| | ) | **Case No.:**_____ |
| **Plaintiff,** | ) | |
| | ) | **Judge:**_____ |
| **v.** | ) | |
| | ) | **Magistrate Judge:**_____ |
| **A.W. CHESTERTON COMPANY,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

NOW COMES PLAINTIFF, JACK W. UHRIG (hereinafter "Uhrig" or "Plaintiff"), by and through his undersigned counsel of record, and upon knowledge and belief as to all allegations of which he so possesses knowledge and upon information and belief as to all other allegations, and for his Complaint against Defendant A.W. CHESTERTON COMPANY, (hereinafter referred to as "Chesterton" or "Defendant"), states as follows:

**NATURE OF ACTION**

1.     Plaintiff, Uhrig, brings this action against Defendant, seeking damages for Defendant's discriminatory, harassing, and retaliatory actions and behaviors that are violations of the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"), 29 U.S.C. §621-634 *et seq*. and the Americans with Disabilities Act of 1990, (hereinafter "ADA"), §2 *et. seq.*, 42 U.S.C.A. §12101, *et. seq*. Additionally, Defendant through its actions and treatment of Plaintiff violated the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), 29 U.S.C. §2601 *et seq*.

2.     Plaintiff was a loyal hardworking employee of Defendant for over twenty five years.  As a salesman, Plaintiff consistently met or exceeded his sales goals and received favorable performance reviews.  However, starting in 2010, Defendant started subjecting Plaintiff to discrimination and harassment based on his age and disabilities.  Ultimately, Defendant terminated Plaintiff based on his age, disabilities and in retaliation for his complaints about being discriminated against and harassed.  Defendant did not have a legitimate non-discriminatory basis for his termination and any such alleged basis was pretextual.

3.     Plaintiff has suffered lost wages, lost benefits and other damages as a direct and proximate result of Defendant's illegal conduct as alleged herein.

4.     All allegations and claims are pled in the alternative to the extent such an interpretation is necessitated by law, required for proper construction under the law and permitted under federal law.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves Federal Statutes, 29 U.S.C. §621-634 *et seq*. and 42 U.S.C.A. §12101, *et. seq*.

6.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b) and (c). Defendant is a Massachusetts corporation which does business and has substantial operations in the Northern District of Illinois and the Plaintiff is a resident of the Northern District of Illinois.  Defendant is subject to personal jurisdiction in the State of Illinois for the purposes of this lawsuit.  All or a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## PARTIES

**a.**    **Plaintiff**

7.    Plaintiff, Jack Uhrig, is a resident of Naperville, in DuPage County, Illinois.

**b.**    **Defendant**

8.    Defendant, A.W. Chesterton Company, is a Massachusetts corporation. Chesterton has its regional offices in Elmhurst, Illinois in DuPage County. Chesterton has offices within Illinois and is doing business within the state of Illinois.

## PROCEDURAL HISTORY

9.    Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission on July 22, 2011 alleging violations of the ADEA and ADA. See attached hereto, as Exhibit A, *Plaintiff's Charge of Discrimination.*

10.    The commission issued a "Notice of Right to Sue (Issued on Request)" dated August 8, 2011. See attached hereto as Exhibit B, *Plaintiff's Notice of Right to Sue.*

11.    Plaintiff timely filed his lawsuit within ninety (90) days from the date of receipt of the August 8, 2011 Notice of Right to Sue.

## COMMON ALLEGATIONS

12.    During all relevant times herein, Defendant was an employer as defined by the ADEA (in that it regularly employ 20 or more employees), the ADA (in that it regularly employs more than 15 employees), is engaged in an industry affecting commerce and had an employment relationship with Plaintiff at all relevant times herein.

13.    During all relevant times herein, Plaintiff was an employee of Defendant as defined by the ADEA and ADA.

14.    Plaintiff is over forty (40) years old. Plaintiff was born on September 20, 1950.

3

Plaintiff is sixty-one (61) years old.

15.     Plaintiff was a dedicated, hardworking and loyal employee that contributed to Defendant in a substantial and meaningful manner from March, 1986 through approximately May 20, 2011, when he was unlawfully terminated in violation of the ADEA and ADA.

16.     Despite Plaintiff providing Defendant with over 25 years of service, Defendant engaged in a pattern of conduct with the purpose and intent of harassing and discriminating against Plaintiff based upon his age and his disability.

17.     Plaintiff had an exemplary track record in sales, and had even set sales records for Defendant.

18.     However, in 2010, Defendant began subjecting Plaintiff to discrimination and harassment based on his age, being forty (40) years or older, including but not limited to the following:

    a.     Defendant's general manager, Todd Kramer, repeatedly told Plaintiff that he "did not like his way of doing things" or that he was not "up to speed," in reference to the way that Plaintiff did not use office technology in the same way as younger employees;

    b.     Defendant's general manager, Todd Kramer, repeatedly told Plaintiff that he did not like "his thinking process," in reference to the way that Plaintiff approached performing his duties as opposed to younger employees;

    c.     Defendant's general manager, Todd Kramer, often questioned Plaintiff if he "was planning on retiring";

    d.     Defendant reviewed Plaintiff's sales and performance with greater scrutiny and in a harsh manner compared to younger employees. For

4

example for similar sales, Plaintiff would receive a negative review, while a younger sales representative (under 40 years old) would receive praise and be given preferential treatment;

e.   Defendant took away a substantial number of Plaintiff's sales accounts, even though younger sales representatives did not have accounts taken away;

f.   Defendant favored younger sales representatives (under 40 years old) by increasing the number of accounts that the younger representatives were assigned, or by assigning higher quality accounts to younger representatives;

g.   Defendant treated Plaintiff in a manner that made it clear that Defendant was trying to set him up to fail and/or seeking an excuse to terminate him;

h.   Defendant subjected Plaintiff to an increasingly harsh pattern of conduct and discipline based upon his age;

i.   Plaintiff was terminated based upon his age; and

j.   Plaintiff was terminated as a result of his complaints about or opposition to the discriminatory actions described herein.

19.   In March, 2010, Plaintiff sought treatment for his disability of alcoholism/alcohol dependency, which required him to take time off from work.

20.   When seeking treatment, Plaintiff requested FMLA leave from Defendant. Plaintiff submitted all necessary documents and information regarding his serious medical condition and need for time off in his request for FMLA leave. Defendant approved Plaintiff to use FMLA leave.

5

21. After receiving treatment, Plaintiff was able to return to work in or about early April, 2010.

22. After Plaintiff returned from seeking treatment, Defendant subjected him to discrimination and harassment based on his disability in ways including but not limited to the following:

a. Defendant took away a substantial number of Plaintiff's accounts immediately after Plaintiff returned from successfully completing alcohol treatment, while other employees did not have accounts taken away from them;

b. After returning from leave, Plaintiff's substantially reduced number of accounts made it impossible to Plaintiff to achieve his sales goals (i.e. Plaintiff was "set up to fail");

c. Defendant subjected Plaintiff to an increasing pattern of scrutiny and discipline after Plaintiff sought alcohol treatment, including but not limited to the following:

    i. Defendant gave Plaintiff a negative performance evaluation, despite Plaintiff's efforts to achieve his sales goals in a nearly impossible scenario;

    ii. Defendant disciplined Plaintiff more harshly and treated him less favorably than other employees (i.e. Plaintiffs General Manager, Todd Kramer, would speak to Plaintiff in a disapproving manner, and would constantly indicate to Plaintiff that he was below his sales goals, while giving other employees good accounts to work on);

    iii. Defendant refused to return Plaintiff's accounts that he had managed

in a satisfactory or exemplary manner, even more than one year after Plaintiff had successfully completed alcohol treatment and counseling;

iv.  Defendant singled out Plaintiff and subjected him to restrictions that other employees were not subjected to (i.e. being told that he would have to work accounts with a member of management or having to repeatedly ask permission to work accounts that had been previously been assigned to him);

v.  Defendant led Plaintiff to believe that he would have his account base restored to the same level as it was before he sought treatment, but that never occurred, and instead Defendant terminated Plaintiff; and

vi.  Defendant's given reason for terminating Plaintiff would not have caused other, non-disabled employees to be terminated (i.e. another sales rep violated company policy by testing positive for marijuana at a power plant but was not terminated);

d.  Defendant terminated Plaintiff as a result of his disability; and

e.  Defendant terminated Plaintiff as a result of his complaints about or his opposition to the discriminatory and harassing actions described herein, and any reasons given to the contrary are pretext.

23.  At all relevant times herein, Plaintiff was performing all of his job duties/responsibilities in an outstanding manner and there was no legitimate, non-discriminatory reason for his termination.

24.  Defendant was fully aware of the nature and scope of the age and disability based discrimination and harassment.

7

25. Plaintiff complained about the age and disability based discrimination and harassment on several occasions, including but not limited to making complaints to Defendant's General Manager, Todd Kramer.

26. Despite Plaintiff's complaints, Defendant took no action to stop, remediate, investigate or otherwise address the age and disability based discrimination and harassment.

27. Instead of stopping or otherwise addressing the age and disability based discrimination and harassment, Defendant terminated Plaintiff.

28. Plaintiff suffered severe damages as a direct and proximate result of Defendant's illegal conduct, as alleged herein.

## COUNT I

### (DISCRIMINATION & HARASSMENT ON THE BASIS OF AGE IN VIOLATION OF THE ADEA, 29 U.S.C. §621-634 *et seq.*)

29. Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

30. All conditions precedent to Count I have been satisfied.

31. Plaintiff is a former employee of Defendant. Plaintiff is sixty-one (61) years old.

32. Plaintiff always performed his job duties in a manner that met or exceeded the legitimate expectations of Defendant.

33. As alleged herein, Plaintiff has suffered age based discrimination and harassment by, among other things: (a) being subjected to derogatory; demeaning and critical age-based comments; (b) being subjected to heighted scrutiny while working as compared to younger employees; (c) being held to a higher performance standard than younger employees; (d) being subjected to unequal discipline; and (e) being terminated because of his age.

8

34.     Defendant treated similarly situated employees younger than forty (40) years old more favorably than Plaintiff.

35.     Defendant was fully aware of the nature and scope of the age based discrimination and harassment and intended to, knowingly engaged in, condoned and/or ratified the discrimination.

36.     Plaintiff repeatedly complained about the age based discrimination and harassment. Plaintiff complained to General Manager, Todd Kramer. Even after the complaints, Defendant took no action to stop, remediate, investigate, or otherwise address the age based discrimination and harassment.

37.     On or about May 20, 2011, Defendant terminated Plaintiff because of his age.

38.     Defendant intentionally and willfully eliminated Plaintiff from its workforce because of his age.

39.     The actions of Defendant as perpetrated by its managers and agents, as described and complained of herein, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of his age, in violation of the ADEA, 29 U.S.C. §621-634 *et seq*.

40.     At all times relevant to this cause of action, Defendant had a duty under the ADEA to refrain from discriminating and harassing Plaintiff on the basis of his age.

41.     The discriminatory actions by Defendant, through its management, agents and employees, was intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

42.     There is a causal connection between Plaintiff's age and the dissimilar treatment

9

and termination of Plaintiff by Defendant.

43.     The actions of Defendant, intentionally engaging in and condoning age discrimination, injured Plaintiff. As a direct and proximate cause of the illegal age discrimination alleged herein, Plaintiff suffered damages including, but not limited to: lost wages and benefits, future pecuniary losses and other damages.

**COUNT II**

**RETALIATION FOR THE EXERCISE OF RIGHTS
IN VIOLATION OF THE ADEA, 29 U.S.C. §621-634 *et seq*.**

44.     Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

45.     All conditions precedent to Count II have been satisfied.

46.     Plaintiff complained about, reported, and protested against Defendant's unlawful employment practices under the ADEA, as alleged herein.

47.     The Plaintiff complained of ongoing and repeated age discrimination and harassment perpetrated against him, and unequal and adverse treatment based on age.

48.     In retaliation for Plaintiff's complaints, reports, and protests of unlawful discrimination and harassment, Defendant increased its discrimination and harassment based on age, and ultimately terminated Plaintiff based on his age and his reports and complaints of age-based discrimination and harassment.

49.     At all relevant times herein, Plaintiff was performing all of his job duties in a manner that met or exceeded Defendant's legitimate business expectations.

50.     The discriminatory actions by Defendant, through its management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless

indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

51.     Defendant, by and through its agents, retaliated against Plaintiff when they knew or should have known that the same were in violation of the ADEA and any alleged reasons to the contrary are pretext.

52.     The actions of Defendant in retaliating against Plaintiff caused him great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**COUNT III**

**DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE ADA
42 U.S.C.A. § 12101, *et. seq***

53.     Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

54.     All Conditions to Count III have been satisfied.

55.     Plaintiff is a qualified individual with a disability.

56.     The ADA makes it unlawful to discriminate in the terms, conditions, responsibilities, and/or privileges of employment against a qualified individual with a disability.

57.     Plaintiff Uhrig is disabled in that he suffered from the serious medical condition of alcohol dependency.

58.     Plaintiff Uhrig has a record of his above-described disability.

59.     Defendant was aware of Plaintiff's disability.

60.     Defendant perceived Plaintiff as disabled.

61.     At all relevant times herein, Plaintiff could perform all of the essential functions of his position as required by Defendant.

62.     Defendant discriminated against and harassed Plaintiff because of his disability, as alleged herein.

63.     On or about May 20, 2011, Defendant terminated Plaintiff, in whole, or in part because of his disability.

64.     At all relevant times herein, Plaintiff informed Defendant of the nature and scope of his disability.

65.     At all relevant times herein, Plaintiff was an excellent employee that was performing all of the functions required of him in an outstanding manner.

66.     Defendant's above-stated actions were willful, malicious, in bad faith, outrageous, and extraordinary.

67.     Defendant engaged in the herein alleged willfully and malicious violations of the law knowingly and intending to violate federal law.

68.     Defendant's conduct, in violation of the ADA, was the direct and proximate cause of Plaintiff incurring severe damages including, but not limited to, loss of employment, lost wages, lost benefits and severe emotional distress.

**COUNT IV**

**RETALIATION FOR IN VIOLATION OF THE ADA**
**<u>42 U.S.C.A. § 12101, *et. seq*</u>**

69.     Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

70.     All conditions precedent to Count IV have been satisfied.

71.     Plaintiff complained about, reported, and protested against Defendant's unlawful employment practices under the ADA, as alleged herein.

12

72.     The Plaintiff complained of ongoing and repeated disability discrimination and harassment perpetrated against him, and unequal and adverse treatment based on his disability.

73.     In retaliation for Plaintiff's complaints, reports, and protests of unlawful discrimination and harassment, Defendant increased its discrimination and harassment based on his disability, and ultimately terminated Plaintiff based upon his disability and his reports and complaints of disability based discrimination and harassment.

74.     At all relevant times herein, Plaintiff was performing all of his job duties in a manner that met or exceeded Defendant's legitimate business expectations.

75.     The discriminatory actions by Defendant, through its management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

76.     Defendant, by and through its agents, retaliated against Plaintiff when they knew or should have known that the same were in violation of the ADA and any alleged reasons to the contrary are pretext.

77.     The actions of Defendant in retaliating against Plaintiff caused him great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

## COUNT V

### *VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993*
### *29 U.S.C. §2601 et seq.*

78.     Plaintiff re-alleges and reincorporates all preceding paragraphs of this Complaint as if fully set forth herein.

79.     At all relevant times herein, Plaintiff was an "eligible employee" under the FMLA. 29 U.S.C. §2611(2)

80.     At all relevant times herein, Defendant was an "employer" covered under the FMLA. 29 U.S.C. §2611(4)

81.     At all relevant times herein, Plaintiff was eligible to request medical/FMLA leave under the FMLA, 29 U.S.C. §2611 et seq.

82.     Plaintiff was entitled to intermittent FMLA leave.

83.     In or about March/April 2010, Plaintiff requested FMLA leave.

84.     At all times, Plaintiff and Plaintiff's doctors provided Defendant with all the required documentation and information regarding his disability and need for FMLA leave.

85.     Defendant knew Plaintiff needed and/or requested FMLA leave due to his disability.

86.     On or about May 20, 2011, less than two months after requesting and being approved for FMLA leave, Defendant terminated Plaintiff in retaliation for Plaintiff exercising his rights under the FMLA, 29 U.S.C. §2601 et seq.

87.     Plaintiff was unjustly and intentionally terminated for requesting FMLA leave.

88.     There was no legitimate, legal or non-retaliatory basis for Defendant to terminate Plaintiff on May 20, 2011.

89.     Defendant's actions in discharging Plaintiff were done intentionally and maliciously.

90.     Plaintiff suffered severe damages as a direct and proximate result of Defendant's retaliation against him for requesting FMLA leave.

14

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

    i.        Acceptance of jurisdiction of this cause;

    ii.       Back pay, inclusive of lost wages and any benefits, and all other damages sufficient to compensate Plaintiff for his injuries;

    iii.      Reinstatement or Front Pay;

    iv.      Punitive/Liquidated damages;

    v.        Pre-judgment and post-judgment interest;

    vi.      Reasonable attorney's fees and costs of this action; and

    vii.     Any and all other relief that this Honorable Court may deem just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.


Dated: November 3, 2011           By:/s/Robert M. Foote

                                Robert M. Foote, Esq. (#03214325)
                                Matthew Herman, Esq. (#06237297)
                                Michael Wong, Esq. (#06291089)
                                Sean M. Hendricks, Esq. (#06300007)
                                Foote Meyers Mielke& Flowers, LLC
                                3 North Second Street
                                Suite 300
                                St. Charles, Illinois 60174
                                Tel. No.: (630)232-6333

                                Kathleen C. Chavez, Esq. (#6255735)
                                Chavez Law Firm, P.C.
                                3 North Second Street
                                Suite 300
                                St. Charles, Illinois 60174

Peter L. Currie, Esq. (#06281711)
The Law Firm of Peter L. Currie, PC
22 West Washington Street
Suite 1500
Chicago, Illinois 60602
Tel. No.: (630) 862-1130

***ATTORNEYS FOR PLAINTIFF***

## **VERIFICATION**

I, **JACK W. UHRIG**, being first duly sworn under oath hereby state that I am the Plaintiff in this action, that I have read the foregoing Complaint, and that the allegations contained herein are true and accurate to the best of my knowledge and belief.

Respectfully submitted,

**JACK W. UHRIG**

Subscribed and Sworn to before
me this _____ day of November 2011.

_____
Notary Public

MELISSA STEVENS
NOTARY
My Comm. Expires
December 17, 2011
No. 688642
PUBLIC
STATE OF ILLINOIS

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 440-2011-04715 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Jack W. Uhrig** | **(630) 533-1447** | **09-20-1950** |

| Street Address | City, State and ZIP Code |
|---|---|
| **24519 Ganton Ct., Naperville, IL 60564** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **A W CHESTERTON CHICAGO** | **201 - 500** | **(630) 516-9090** |

| Street Address | City, State and ZIP Code |
|---|---|
| **650 W. Grand Ave, #313, Elmhurst, IL 60126** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

RECEIVED EEOC

JUL 2 2 2011

CHICAGO DISTRICT OFFICE

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest         Latest |
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | 05-20-2011 |
| ☐ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent in or around March 1986. My most recent position was Salesman. Respondent is aware of my disability. During my employment, I was subjected to different terms and conditions of employment, including, but not limited to, having my accounts taken away which reduced my wages. On or about May 20, 2011, I was discharged.

I believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

I also believe I have been discriminated against because of my age, 60 (DOB: November 20, 1950), in violation of the Age Discrimination in Employment Act of 1967, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| ____Jul 22, 2011____    _(signature)_  Date         Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

# EXHIBIT B

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Jack Uhrig<br>24519 Ganton Ct.<br>Naperville, IL 60564 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

Certified Mail 7011 0470 0002 4703 8965  CP

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2011-04715 | Brandi  Kraft,<br>Investigator | (312) 869-8153 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☒  The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*                    8-8-11

**John P. Rowe,**
**District Director**                    *(Date Mailed)*

Enclosures(s)

CC:       **A W CHESTERTON CHICAGO**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | 440-2011-04715 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Jack W. Uhrig** | **(630) 533-1447** | **09-20-1950** |

| Street Address | City, State and ZIP Code |
|---|---|
| **24519 Ganton Ct., Naperville, IL 60564** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **A W CHESTERTON CHICAGO** | **201 - 500** | **(630) 516-9090** |

| Street Address | City, State and ZIP Code |
|---|---|
| **650 W. Grand Ave, #313, Elmhurst, IL 60126** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

RECEIVED EEOC

JUL 2 2 2011

CHICAGO DISTRICT OFFICE

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| DATE(S) DISCRIMINATION TOOK PLACE |
|---|
| Earliest     Latest |
| **05-20-2011** |

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN

☐ RETALIATION ☒ AGE ☒ DISABILITY ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by Respondent in or around March 1986. My most recent position was Salesman. Respondent is aware of my disability. During my employment, I was subjected to different terms and conditions of employment, including, but not limited to, having my accounts taken away which reduced my wages. On or about May 20, 2011, I was discharged.

I believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

I also believe I have been discriminated against because of my age, 60 (DOB: November 20, 1950), in violation of the Age Discrimination in Employment Act of 1967, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| <br> __Jul 22, 2011__     *(signature)* <br> Date       Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |